**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DAVID CASTRO CONNOLLY, Petitioner, | : | Civil Action No. 10-6819 (SRC) |
| v. | : | **OPINION** |
| UNITED STATES OF AMERICA, Respondent. | : | |

**CHESLER**, District Judge

*Pro se* Petitioner David Castro Connolly ("Connolly" or "Petitioner"), a prisoner currently confined at the Federal Correctional Institute in Bennettsville, South Carolina, has filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, based on the alleged violation of his Sixth Amendment right to the effective assistance of counsel. In this Court's Opinion and Order of August 29, 2011, this Court denied in part Petitioner's section 2255 motion, denying the Petition on all issues except for one: the issue of whether counsel rendered ineffective assistance when advising Petitioner about sentencing exposure and plea options. The Court Ordered that an evidentiary hearing be held, and appointed counsel for Petitioner, pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, to represent him at the evidentiary hearing. The hearing was held on June 26, 2012, and was followed by post-hearing supplementary briefing. For the reasons stated below, as to the sole issue raised by the Petition still pending before this Court, the § 2255 Petition is denied.

In brief, Petitioner contends that due to the conduct of his attorney at his criminal trial,

Assistant Federal Public Defender Lorraine Gauli-Rufo (his "Counsel"), he was denied his right to effective assistance of counsel because:

> (1) Attorney Gauli-Rufo failed to adequately explain the United States Sentencing Guidelines and how they applied to Mr. Connolly's case by simply stating that he was facing 120 months; and (2) Attorney Gauli-Rufo failed to explain all of the options that Mr. Connolly had, e.g., trial, plea, open plea, and the benefits or drawbacks of each.

(Pet.'s Supp. Br. 2.)

The parties agree that, to succeed, Petitioner must satisfy the Strickland standard, as explained by the Third Circuit:

> In order to determine whether [Petitioner's] trial counsel was constitutionally ineffective under the Sixth Amendment, we must apply the familiar standard developed in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and its progeny. Under that standard, a criminal defendant may demonstrate that his representation was constitutionally inadequate by proving: (1) that his attorney's performance was deficient, i.e., unreasonable under prevailing professional standards; and (2) that he was prejudiced by the attorney's performance. Under the first prong, "judicial scrutiny . . . is highly deferential," and courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 688-89. In order to establish prejudice, the defendant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. We have endorsed the practical suggestion in *Strickland* to consider the prejudice prong before examining the performance of counsel prong "because this course of action is less burdensome to defense counsel."

United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2005) (citations omitted).

This Court follows the guidance of Booth and considers the prejudice prong first. In short, Petitioner contends that, had he been properly advised by Counsel, he "would have plead [sic] guilty and received a lesser sentence than he did after trial." (Pet.'s Supp. Br. 6.) In response, the Government argues: 1) Petitioner had filed a pretrial motion to suppress the firearm

evidence that the police had obtained at the time of his arrest, which this Court denied; 2) Petitioner's Supplementary Brief states: "Whatever course of action was ultimately taken after the denial of the suppression motion *it was of utmost importance to Mr. Connolly to preserve his right to appeal the Court's decision denying his motion to suppress*" (Pet.'s Supp. Br. 1) (italics added); 3) the only plea that Petitioner could have entered which would have preserve his right to appeal the decision on the suppression motion was a conditional plea, pursuant to Federal Rule of Criminal Procedure 11(a)(2); and 4) Rule 11(a)(2) expressly requires the Government's consent, and there is no evidence that the Government would have so consented. Therefore, the Government argues, Petitioner cannot show that, but for Counsel's alleged errors, the result would have differed.

In reply, Petitioner does not challenge the first three of these points, but disputes only the fourth, contending that the Third Circuit allows a conditional guilty plea over the Government's objection, pursuant to United States v. Moskow, 588 F.2d 882, 890 (3d Cir. 1978). This argument fails because, while Petitioner has correctly characterized Moskow, this holding was superceded by the 1983 amendments to Rule 11. As the notes of the Advisory Committee on the 1983 amendments state:

> [A] a defendant who has lost one or more pretrial motions will often go through an entire trial simply to preserve the pretrial issues for later appellate review. This results in a waste of prosecutorial and judicial resources, and causes delay in the trial of other cases, contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 et seq. These unfortunate consequences may be avoided by the conditional plea device expressly authorized by new subdivision (a)(2).

Subdivision 11(a)(2) of the Rule states: "*Conditional Plea.* With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in

writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea." The rule requires the Government's consent to the entry of such a plea. An "open" plea, such as that discussed in Booth, would not have preserved Petitioner's right to appeal the suppression decision.

This Court is persuaded that the Government is correct. Petitioner has admitted that "it was of utmost importance to Mr. Connolly to preserve his right to appeal the Court's decision denying his motion to suppress." (Pet.'s Supp. Br. 1.) The only plea option that would have preserved the right to appeal that decision is the conditional plea authorized by Rule 11(a)(2), which requires the Government's consent. There is no evidence in the record that the Government might have consented. Petitioner has therefore failed to prove the element of prejudice, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Furthermore, this Court, having considered the testimony presented by witnesses at the evidentiary hearing, finds that Counsel did not fail to adequately explain Petitioner's strategic options to him or properly discuss his sentence exposure under the Guidelines. The only evidence offered by Petitioner to support his claims was his own testimony, which this Court did not find credible. This Court found the contrary evidence both more credible and probative. Counsel testified at the hearing that she discussed with Petitioner his sentencing exposure at multiple points throughout the case. Other evidence confirmed that Counsel discussed sentencing exposure with Petitioner at a meeting on October 3, 2007. Counsel authenticated notes that were taken by her at this meeting which support her claim that she discussed sentencing exposure with Petitioner. Carol Gillen, a former investigator with the Federal Public

Defender's office who worked on Petitioner's criminal case, also testified that she attended the October 3, 2007 meeting, and that she witnessed Counsel explaining to Petitioner his sentencing exposure under the Guidelines. This evidence demonstrates that Counsel carefully and accurately explained the impact of the sentencing Guidelines and the factor of Petitioner's criminal history – and his sentencing exposure. It is confirmed by the notes of both Counsel and Gillen. Gillen's notes also reflect that Petitioner indicated that he "would rather be convicted by a jury than cop out." (Ex. CG-1 at 1.)

This Court also heard testimony related to the issue of whether Counsel discussed all strategic options, including plea alternatives, with Petitioner. Counsel testified that she had done so. Gillen confirmed that she had witnessed this at a meeting she attended on February 26, 2008, and testified that her notes from that meeting report that Counsel discussed with Petitioner his options for proceeding to trial following the suppression hearing. Gillen's notes reflect that Counsel explained Petitioner's post-suppression hearing exposure if he pled or went to trial. The notes also reflect discussion concerning the effect of proceeding to a stipulated bench trial. Although Petitioner's testimony contradicted that of Counsel and Gillen, this Court finds the testimony of Counsel and Gillen to be credible and the testimony of Petitioner to be not credible.

Petitioner argues as well that Counsel failed to discuss with him the option of cooperating with the prosecution in order to obtain a lesser sentence. As the Government notes, the problem with this is that Petitioner had offered no evidence that he wished to cooperate with the prosecution, or that he had something to offer to the Government.[1] It is Petitioner's burden to

[1] It is not at all clear what information Petitioner would have had to offer the prosecution. Petitioner was arrested for possession of an illegal firearm by a convicted felon after police stopped and searched him while he was riding a bicycle, and he was convicted on that charge.

show that, had Counsel discussed cooperating with him, the outcome would have been different. Petitioner has not even begun to support this argument.

Thus, as to the first Strickland prong, this Court finds that Petitioner has failed to demonstrate that Counsel's performance was deficient. As to the issue of whether counsel rendered ineffective assistance when advising Petitioner about sentencing exposure and plea options, Petitioner has failed to show ineffective assistance of counsel. His § 2255 Petition will be denied in its entirety.

This Court must determine whether a certificate of appealability should issue. L.A.R. 22.2. The Court should issue a certificate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make this showing, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). As set forth above, this Court has concluded that Petitioner's claims lack merit. There is simply no support for his claims. It further concludes that Petitioner has not demonstrated that jurists of reason would find this assessment debatable or wrong. Therefore, this Court declines to issue a certificate of appealability pursuant to section 2253(c)(2).

For the foregoing reasons, the Court will deny Petitioner's motion for relief under 28 U.S.C. § 2255. A certificate of appealability will not issue.

s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: February 11, 2013

---

There is nothing in these circumstances that makes a cooperation scenario at all plausible.